# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | ORDER OF DETENTION PENDING TRIAL |
|---|---|
| v. | |
| **LESTER DUANE MOORE** | Case Number: 1:14-CR-196 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

☐ an offense for which the maximum sentence is life imprisonment or death.

☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is 43 years old and is a lifetime resident of Western Michigan. He has never been married, but has a longtime relationship, a child age 12, and two other grown children. He has not been employed since 2009, apparently due to chronic back problems. Apparently his only treatment is the daily use of marijuana and alcohol, and for 16 years (although not for the last 10 years) defendant used cocaine on a daily basis.

Defendant has a lengthy criminal record beginning in 1990 and continuing to the present time, (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that no condition or combination of conditions will assure the presence of the defendant, and by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community based upon defendant's failure to rebut the presumption which arises in this case.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 27, 2015            /s/ Hugh W. Brenneman, Jr.
                                   *Signature of Judicial Officer*

                                   Hugh W. Brenneman, United States Magistrate Judge
                                   *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

Case 1:14-cr-00196-GJQ   ECF No. 130 filed 02/06/15   PageID.270   Page 2 of 2

United States v.  **LESTER DUANE MOORE**
 1:14-CR-196
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

although a number of the charges pertain to driving on a suspended license or similar types of offenses.  Of particular concern are four failures to appear, and for violating probation because he was involved in further criminally related activity while on probation.

Defendant is present charged in a drug conspiracy and three sales of crack cocaine.  The sales were over the period of a year and a half.  Packaging material and scales were found in his bedroom at the time of his arrest, along with a casino card with a suspected powder residue that had not been tested at the time of the detention hearing.  No money, firearms or drugs were found at that time, however.

**Part II - Written Statement of Reasons for Detention** - (continued)